UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | No. CR-07-2018-FVS-3 |
|---|---|
| Plaintiff, | |
| v. | ORDER DENYING 2255 MOTION |
| AURELIO GUIZAR MENDOZA, | |
| Defendant. | |

**THIS MATTER** comes before the Court based upon the defendant's motion for reduction of sentence. He is representing himself. The government is represented by Jane Kirk.

**BACKGROUND**

The defendant pleaded guilty to the crime of conspiracy to distribute a controlled substance. 21 U.S.C. § 846. His guideline range was 188-235 months. The Court sentenced him to 120 months imprisonment, which was the mandatory minimum sentence. (Plea Agreement at 9.) The defendant alleges his attorney did not provide constitutionally effective assistance at sentencing. In the defendant's opinion, his attorney should have sought a reduction of the guideline range based upon the fact he is an illegal alien and, thus, will be denied a number of significant privileges while incarcerated. The defendant seeks resentencing pursuant to 28 U.S.C. § 2255.

**STANDARD**

It is reasonable to assume the test set forth in *Strickland v.*

ORDER - 1

*Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), governs the defendant's allegation he was denied constitutionally effective assistance at sentencing. Thus, in order to qualify for habeas relief, the defendant must show his attorney's performance was deficient and he suffered prejudice as a result. *See id.* at 687, 104 S.Ct. 2052.

**RULING**

If the defendant's attorney had requested the two-level reduction described above, the Court would have been under no obligation to grant it. Even if the Court had granted the reduction, the low-end of the defendant's guideline range would have been well above the mandatory minimum. As it turned out, the Court imposed the mandatory minimum sentence. The mandatory minimum was the shortest sentence the Court could impose. The Court could not have imposed a shorter sentence even if the defendant's attorney had requested the two-level reduction described above. Consequently, the defendant suffered no prejudice as a result of his attorney's alleged error.

**IT IS HEREBY ORDERED:**

The defendant's motion for reduction of sentence (**Ct. Rec. 350**) is **denied**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___14th___ day of May, 2010.

s/ Fred Van Sickle
Fred Van Sickle
Senior United States District Judge

ORDER - 2